IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3154 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| JANSSEN PHARMACEUTICA, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court for initial review of the complaint filed by the plaintiff, Arthur McElroy, a prisoner. The plaintiff seeks damages from the defendants on theories of products liability, failure to warn and negligence because of injuries suffered by the plaintiff as a result of ingesting the defendants' products.

    The plaintiff has not specified the jurisdictional statute on which he relies. However, it appears that 28 U.S.C. § 1332, diversity of citizenship, applies. For a federal district court to have jurisdiction of a civil action based on diversity of citizenship under 28 U.S.C. § 1332, the following requirements must be satisfied: The controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties. Also, the matter in controversy must exceed $75,000. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan v. Schneider National Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001).

    Based on that assumption, I find that this case need not be dismissed on initial review. As initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. As the plaintiff has not applied to proceed in forma pauperis ("IFP"), the U.S. Marshal cannot serve process on the defendants, and the plaintiff will have to arrange for service of process.

    IT IS THEREFORE ORDERED:

    1.    To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide; the Clerk is directed to provide the plaintiff with three summons forms (one for each named defendant).

    2.    The plaintiff shall, as soon as possible, provide the Clerk of Court with the completed summons forms so that the Clerk may sign the forms and return them to the plaintiff. In the absence of the completed forms, service of process cannot occur.

3.     When served on a defendant, each summons must be accompanied by a copy of the complaint.

4.     The plaintiff may serve the summons and complaint on each defendant by any method permitted under Fed. R. Civ. P. 4, e.g., by certified mail, by process server, by obtaining a Waiver of Service of Summons signed by the defendant. The forms for waiver of service are published with the Federal Rules of Civil Procedure, which are available at any law library and from the court upon request.

5.     Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6.     If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7.     After an appearance has been entered by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8.     The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9.     After receipt of a summons, a defendant has the time allowed by Rule 12 of the Federal Rules of Civil Procedure to file responsive pleadings or motions.

10.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11.    The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 18th day of July, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge