IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR McELROY, | ) | 4:06CV3154 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| JANSSEN PHARMACEUTICA, INC., | ) | |
| JANSSEN PHARMACEUTICA, N.V., | ) | |
| and ELI LILLY PHARMACEUTICAL | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Arthur McElroy, alleges that he took the prescription drug Risperdal from June 22, 1995, until December 14, 2000. He claims that the drug caused him to develop hyperglycemia by October 17, 1996, which worsened into diabetes mellitus by October 28, 1997, and then led to acute renal failure in 2000 which progressed to end stage renal disease by January 2003. Risperdal allegedly is manufactured by the defendant Janssen Pharmaceutica, N.V., and marketed in the United States by the defendant Janssen Pharmaceutica, Inc. These defendants have moved to dismiss the action based on a statute of limitations defense.

In Nebraska, product liability actions must "be commenced within four years next after the date on which the death, injury, or damage complained of occurs." Neb. Rev. Stat. Ann. § 25-224(1) (LexisNexis 2004). The Nebraska Supreme Court has held that the statute of limitations provided by § 25-224 begins to run on the date on which the party holding the cause of action discovers, or in the exercise of reasonable diligence should have discovered, the existence of the injury or damage. Thomas v. Countryside of Hastings, Inc., 524 N.W.2d 311, 313 (Neb. 1994). Discovery refers to the fact that one knows of the existence of an injury or damage and not that one knows who or what may have caused that injury or damage. Id.

McElroy filed his complaint in this matter on June 26, 2006. Because it is alleged in the complaint that McElroy was diagnosed with hyperglycemia, diabetes, and acute renal failure more than four years prior to such date, his product liability claim is barred. The fact that McElroy's health progressively worsened after each of these medical conditions was made known to him does not extend or toll the applicable limitations period.[1] Because I find that McElroy's product liability claim is time-barred, I need not consider the alternative ground for dismissal asserted in the motion filed by Janssen Pharmaceutica, N.V., namely, that it has not been properly served with summons.

McElroy also claims that Janssen Pharmaceutica, Inc., misbranded the drug in violation of Sections 201(n) and 502(a) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 321(n) and 352(a). However, since there is no private cause of action for damages under the FDCA, this claim must be considered simply as an element of McElroy's product liability claim arising under Nebraska law. See Merrell Dow Pharmaceuticals, Inc., v. Thompson, 478 U.S. 804, 811-817 (1986).

IT IS ORDERED that:

1. The motion to dismiss filed by the defendant Janssen Pharmaceutica, Inc. (filing 17), is granted pursuant to Fed. R. Civ. P. 12(b)(6), and said defendant is dismissed as a party.

2. The motion to dismiss filed by the defendant Janssen Pharmaceutica, N.V. (filing 20), is granted pursuant to Fed. R. Civ. P. 12(b)(6), and said defendant is dismissed as a party.

---

[1] While the continuing tort doctrine might be applied in this type of case, see Alston v. Hormel Foods Corp., 273 Neb. 422, 435, ___ N.W.2d ___, 2007 WL 1166089 *8 (Apr. 20, 2007) (holding that a claim for damages from a continuing tort may be brought to the extent that the claim accrued within the statutory limitations period), McElroy alleges that he stopped taking Risperdal on December 14, 2000, also more than four years prior to filing suit.

3.   The clerk of the court shall rename the plaintiff's "motion" to deny defendants' motions to dismiss (filing 26) as a "brief".[2]

4.   Plaintiff's motion for entry of default against the defendant Eli Lilly Pharmarceutical Company (filing 27) is denied.[3]

5.   The objection to interrogatories filed by the defendant Janssen Pharmaceutica, Inc. (filing 33), is stricken from the court file as an improper filing.[4]

6.   There being no just reason for delay, final judgment shall be entered by separate document pursuant to Fed. R. Civ. P. 54(b).

May 9, 2007.                    BY THE COURT:

                                s/ *Richard G. Kopf*
                                United States District Judge

---

[2] See NECivR 7.1(b)(1)(A) ("The party opposing a motion shall not file an "answer," or "opposition," "objection," or "response" to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief . . ..").

[3] Plaintiff's claim against Eli Lilly Pharmarceutical Company, related to the prescription drug Zyprexa, has been transferred to the United States District Court for the Eastern District of New York by the Judicial Panel of Multidistrict Litigation. Consequently, Eli Lilly has been terminated as a party for purposes of this court's CM/ECF system, and it remains in the action solely as a nominal defendant. See memorandum and order entered November 8, 2006 (filing 32).

[4] See NECivR 5.5(a) ("Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and (2), depositions, interrogatories, answers and objections to interrogatories, requests for admissions, answers and objections to requests for admissions, requests to produce or inspect, and responses to requests to produce or inspect shall not be filed until they are needed for trial or resolution of a motion or on order of the court.").